LYNNE C. HERMLE (STATE BAR NO. 99779)
MICHAEL A. APARICIO (STATE BAR NO. 206300)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401
lchermle@orrick.com
maparicio@orrick.com

Attorneys for Defendant
SPACE SYSTEMS/LORAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY SCHNEIDER on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>             Defendant. | Case No. CV-11-02489-JF<br><br>**DEFENDANT SPACE SYSTEMS/LORAL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)**<br><br>Date:   September 9, 2011<br>Time:  9:00 a.m.<br>Ctrm.:  3<br>Judge: Hon. Jeremy Fogel |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 2

    A. Plaintiff Cannot Circumvent the Legal Standard Under *Iqbal* and *Twombly* ......... 2

        1. Standard Applicable To All 12(B)(6) Motions Under *Iqbal* and *Twombly* ................................................................................................. 2

        2. Federal Rule 8 Does Not Bear On Whether Plaintiff Has Alleged Sufficient Facts To State A Claim ................................................................ 3

        3. Plaintiffs' Discussion Of The Cases Is Erroneous ..................................... 3

    B. Plaintiff's Allegations Fail Under The *Iqbal*/*Twombly* Standard ........................... 6

    C. Plaintiff Has Failed To Identify An Ascertainable Class Or Subclasses Because As Alleged, The Class And Subclass Definitions Are Impermissibly Merits-Based ................................................................................ 8

    D. Plaintiff Lacks Standing To Represent Employees Holding Job Positions Plaintiff Never Held .............................................................................................. 10

    E. Improper And Immaterial Allegations Should Be Stricken Or Dismissed ........... 12

        1. "Doe" Defendants Are Improper And Immaterial ................................... 12

        2. Plaintiff Cannot Assert The Sixth Claim For Relief "On Behalf Of The General Public" ................................................................................ 13

        3. Plaintiff Cannot Seek An Accounting ...................................................... 13

        4. Plaintiff Cannot Seek Attorney's Fees As Part Of His § 17200 Claim ......................................................................................................... 13

        5. Plaintiff Lacks Standing To Seek Injunctive Or Declaratory Relief ........ 14

III. CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Amchem Prods. v. Windsor*,
    521 U.S. 591 117 S. Ct. 2231, 138 L. Ed. 2d. 689 (1997) ....................................................... 10

*Anderson v. Blockbuster, Inc.*,
    No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4,
    2010) ................................................................................................................................... 3, 4

*Ashcroft v. Iqbal*,
    — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................... passim

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................. passim

*Brazil v. Dell*,
    585 F. Supp. 2d 1158 (N.D. Cal. 2008) ................................................................................... 9

*Campbell v. Pricewaterhousecoopers, LLP*,
    642 F.3d 820 (2011) ............................................................................................................... 11

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ...................................................................................................... 2

*Flynn v. Fairmont Hotels & Resorts, Inc.*,
    CV. NO. 10-00285 DAE-LEK, 2010 U.S. Dist. LEXIS 137698, at *11-12 (D. Haw.
    Dec. 29, 2010) ........................................................................................................................ 14

*DeLeon v. Time Warner Cable, LLC*,
    No. CV 09-2438 AG, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) .............. 3, 4, 7

*DeSilva v. N. Shore-Long Island Jewish Health Sys.*,
    No 10-CV-1341-(JFB)-(ETB), 2011 U.S. Dist. LEXIS 27138
    (E.D.N.Y. Mar. 16, 2011) ........................................................................................................ 3

*Dukes v. Wal-Mart Stores, Inc.*,
    603 F.3d 571 (9th Cir. 2010) .................................................................................................. 14

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 ................................................................................... 9

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ................................................... 9, 10

*Gillespie v. Civiletti*,
    629 F.2d 637 (9th Cir. 1980) .................................................................................................. 12

# TABLE OF AUTHORITIES
(continued)

Page

*Gutierrez v. Aaron's Inc.*,
  No. 2:10-cv-02417-MCE-EFB, 2010 U.S. Dist. LEXIS 126828
  (E.D. Cal. Nov. 30, 2010) ................................................................................. 3, 4, 5, 6

*Hagen v. City of Winnemucca*,
  108 F.R.D. 61 (D. Nev. 1985) .......................................................................................... 8

*Harding v. Time Warner, Inc.*,
  No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851
  (S.D. Cal. Aug. 18, 2009) ......................................................................................... 3, 4, 5

*Harding v. Time Warner, Inc.*,
  No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896
  (S.D. Cal. Jan. 26, 2010) ("*Harding II*") ................................................................. 3, 4, 5, 7

*Jones v. Casey's Gen. Stores*,
  538 F. Supp. 2d 1094 (S.D. Iowa 2008) ......................................................................... 3, 7

*Mell v. GNC Corp.*,
  No. 10-945, 2010 U.S. Dist. LEXIS 118938 (W.D. Pa. Nov. 9, 2010) ................................. 3

*O'Connor v. Boeing N.A., Inc.*,
  197 F.R.D. 404 (C.D. Cal. 2000) ...................................................................................... 8

*Papasan v. Allain*,
  478 U.S. 265 (1986) ........................................................................................................ 3

*Pruell v. Caritas Christi*,
  No. 09-11466-GAO, 2010 U.S. Dist. LEXIS 101761 (D. Mass. Sept. 27, 2010) .................... 3

*Senter v. GM Corp.*,
  532 F.2d 511 (6th Cir. 1976) ............................................................................................ 8

*Tolefree v. Ritz*,
  382 F.2d 566 (9th Cir. 1967) .......................................................................................... 12

*Villegas v. J.P. Morgan Chase & Co.*,
  No. C 09-00261, 2009 U.S. Dist. LEXIS 19265, 2009 WL 605833
  (N.D. Cal. Mar. 9, 2009) .................................................................................................. 7

*Wakefield v. Thompson*,
  177 F.3d 1160 (9th Cir. 1999) ........................................................................................ 12

*Wal-Mart Stores, Inc. v. Dukes*,
  — U.S. —, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........................................... 10, 11, 14

# TABLE OF AUTHORITIES
### (continued)

Page

*Walsh v. Nev. Dep't of Human Res.*,
  471 F.3d 1033 (9th Cir. 2006) .................................................................................... 14

*Weigele v. FedEx Ground Package Sys.*,
  NO. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475
  (S.D. Cal. Nov. 15, 2010) .......................................................................................... 3

*Zhong v. August August Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007) ....................................................................... 7

**STATE CASES**

*Civic W. Corp. v. Zila Industries, Inc.*,
  66 Cal. App. 3d 1, 135 Cal. Rptr. 915 (1977) ......................................................... 13

*Davis v. Ford Motor Credit Co. LLC*,
  179 Cal. App. 4th 581, 101 Cal. Rptr. 3d 697 (2009) .............................................. 13

*Price v. Starbucks*,
  192 Cal. App. 4th 1136, 122 Cal. Rptr. 3d 174 (2011) .............................................. 8

*Sullivan v. Oracle Corp.*,
  51 Cal. 4th 1191 (2011) ............................................................................................. 7

**FEDERAL STATUTES**

28 U.S.C. § 2201 .................................................................................................................. 15

**STATE STATUTES**

California Labor Code § 226 ........................................................................................ 8, 14

California Labor Code § 510(a) ........................................................................................ 5

**RULES**

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 3, 4, 13

**OTHER AUTHORITIES**

5 B.E. Witkin, *California Proc.*, Pleading § 819, p. 236 (5th ed. 2008) ......................... 13

## I. INTRODUCTION

Plaintiff Jeremy Schneider's First Amended Complaint ("FAC") sets forth nothing more than the most conclusory allegations parroting statutory elements of his seven claims. As pointed out in Defendant's moving papers, the FAC alleges only two facts – that Plaintiff worked for Defendant and that Defendant has facilities in Palo Alto. Every other statement consists of bare-bone, conclusory allegations that the Supreme Court identified in *Iqbal* and *Twombly* as insufficient to state a claim. Each of Plaintiff's failures to allege sufficient non-conclusory facts is described in detail in Defendant's moving papers, to which Plaintiff has no adequate response, other than an assertion that *Iqbal* and *Twombly* are not applicable or should be ignored.

But the *Iqbal/Twombly* requirements are essential in a case such as this, which is likely to involve costly discovery. If the only allegations consist of conclusory mimicking of the legal elements or statutory bases, the Court must not accept those allegations as true, and must dismiss any claim for relief that is supported only by such conclusory factual assertions. Moreover, Plaintiff must allege real *facts* that plausibly demonstrate he is entitled to relief. He has not done so here – in any respect – alleging only two facts throughout his 23-page, 84-paragraph complaint. The FAC here is precisely the kind of threadbare pleading the Supreme Court contemplated would be dismissed under the standard set out in *Iqbal* and *Twombly*.

The failure to plead plausible claims is compounded by Plaintiff's failure to plead an ascertainable class because his definitions are merits-based, and failure to allege facts to show he can properly represent employees in other job positions besides the two positions he held. Plaintiff's protestations that courts may not make such determinations at the outset of a case are incorrect. If the failure to plead the elements of a proper class action is evident from the complaint, the Court should not permit the case to proceed toward certification, and should instead dismiss or strike the class allegations.

Finally, Plaintiff provides almost no response to most of the improper material Defendant seeks to strike from the FAC. As discussed below, the Court should grant Defendant's Motion to Strike.

## II. ARGUMENT

### A. Plaintiff Cannot Circumvent the Legal Standard Under *Iqbal* and *Twombly*

Plaintiff makes significant, but futile efforts attempting to circumvent the requirements of *Iqbal* and *Twombly*, calling motions to dismiss based on those cases "knee-jerk defense tactic[s]" and describing the Supreme Court's holdings as a "novelty" and based on "relative opacity." *See* Plaintiff's Opposition Brief ("Opp. Br."), p. 5:11-12. This is not surprising given the complete lack of non-conclusory factual allegations in the FAC. Plaintiff's FAC is precisely the kind of complaint that the Supreme Court concluded in *Iqbal* and *Twombly* fails to meet the pleading requirements under the Federal Rules.

#### 1. Standard Applicable To All 12(B)(6) Motions Under *Iqbal* and *Twombly*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Iqbal*, 129 S. Ct. at 1949; *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S.

at 557).

### 2. Federal Rule 8 Does Not Bear On Whether Plaintiff Has Alleged Sufficient Facts To State A Claim

Plaintiff contends the Court's ruling regarding the sufficiency of his FAC is governed only by Rule 8 instead of Rule 12. *See* Opp. Br. p. 6 (§ III.B, discussing "The Pleading Burden" under Rule 8(a)(2) and ); *see also id.* p. 1:7-9 ("The claims for relief and the class action allegations in the FAC are more than sufficient to meet the pleading requirements of Rule 8"). This is plainly incorrect. Rule 8 addresses the format and required elements of a pleading, whereas Rule 12 governs whether the facts pled (or as is the case here, not pled) are sufficient to state a claim for relief. Moreover, although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting. *Twombly*, 550 U.S. at 555). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Accordingly, Plaintiff's argument that Rule 8 only requires a "short and plain statement" and therefore his factually-devoid FAC is sufficient, is incorrect.

### 3. Plaintiffs' Discussion Of The Cases Is Erroneous

Defendant cited in its moving papers several district court opinions that specifically apply the *Iqbal*/*Twombley* standard in the context of wage and hour class actions alleging nearly identical claims as set forth in the FAC.[1] Plaintiff contends those cases are

---

[1] Principally, *see Anderson v. Blockbuster*, *Inc*., No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010); *DeLeon v. Time Warner Cable*, *LLC*, No. CV 09-2438 AG, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009); *Gutierrez v. Aaron's Inc.*, No. 2:10-cv-02417-MCE-EFB, 2010 U.S. Dist. LEXIS 126828 (E.D. Cal. Nov. 30, 2010); *Harding v. Time Warner*, *Inc.,* No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009); *Harding v. Time Warner*, *Inc.*, No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. Jan. 26, 2010) ("*Harding II*"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008); and *Weigele v. FedEx Ground Package Sys.*, NO. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475 (S.D. Cal. Nov. 15, 2010). The complaints that were dismissed as a result of these decisions are attached to Defendant's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), filed herewith. *See also DeSilva v. N. Shore-Long Island Jewish Health Sys.*, No 10-CV-1341-(JFB)-(ETB), 2011 U.S. Dist. LEXIS 27138, at *23 (E.D.N.Y. Mar. 16, 2011); *Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *23 (W.D. Pa. Nov. 9, 2010); *Pruell v. Caritas Christi*, No. 09-11466-GAO, 2010 U.S. Dist.

inapplicable because they are "out of jurisdiction", are factually distinguishable or resulted in dismissal due to complaints that "simply listed the elements of a statutory cause of action and, in conclusory fashion, stated that the Defendant violated those elements."[2] Opp. Br. p. 6:26-7:7:4.

First, the cases cited are well-reasoned and directly on point, as the courts in those cases were faced with similar bare-bones complaints. Indeed, the complaints that were dismissed filed in the cases pending in other California district courts are strikingly similar to the FAC here. *See, e.g.*, RJN Exhs. A – C & E - H (complaints dismissed through opinions in *Anderson*, *DeLeon*, *Gutierrez*, *Harding I*, *Harding II, Jones and Weigele*). In those cases, the courts were faced with the same type of conclusory allegations alleged here – that the plaintiff and a putative class were entitled to unpaid overtime, payments for missed meal periods and rest periods, damages or penalties for unlawful wage statements, waiting time penalties, and restitution under the § 17200 unfair competition statutes. Each of those cases, relying on *Iqbal* and *Twombly*, granted dismissal under Rule 12(b)(6).[3]

Second Plaintiff severely oversimplifies the various courts' rulings. For example, Plaintiff argues that the decision in *Harding v. Time Warner*, No. 3:09-cv-01212-WQH-WMC, 2009 U.S. Dist. LEXIS 72851, (S.D. Cal. Jan 26, 2010) dismissing the first amended complaint

---

LEXIS 101761, at *11 (D. Mass. Sept. 27, 2010).

[2] Plaintiff labels these complaints as following an "'if A, then B' line of reasoning". *See* Opp. Br. p. 7:3-4. Clearly, Plaintiff's use of that label, as well as his discussion of the cases, suggests Plaintiff believes his FAC at issue here is significantly more robust and well-pled. Indeed, Plaintiff argues that his FAC contains "multiple paragraphs chock-full of" facts. *See* Opp. Br. p. 1:13-14. As Defendant pointed out in its moving papers, however, there are really only <u>two</u> facts alleged in the FAC, surrounded by paragraph after paragraph of pure legal conclusions, legal conclusions framed as "facts" and slavish recitations of the applicable statutes' provisions and elements of his causes of action. The complaints in the cases Plaintiff chides – the ones that were dismissed by the cases cited in Defendant's moving papers – are virtually indistinguishable from the FAC in this respect. *Compare* FAC *with* RJN, Exhs. A-C & E-H.

[3] Indeed, in at least one case, *Gutierrez*, the plaintiff apparently decided not to amend even though granted leave to do so. *See* RJN Exh. D (Order in *Gutierrez* dismissing case "Upon no Amended Complaint filed by Plaintiff pursuant to the Court's previous Order"). If the plaintiff could have stated non-conclusory facts to support his claims – whether as an individual plaintiff or as to a class of absent employees – presumably he would have done so. *Gutierrez* thus illustrates the underlying purpose of the Supreme Court's decisions in *Iqbal* and *Twombly* – to weed out claims that are based on nothing more than conclusory allegations devoid of actual facts before they result in expansive discovery of claims that as pled cannot plausibly support any recovery. *See Twombly*. 127 S. Ct. at 1950.

1  was due to the plaintiff's failure to allege *where* he worked.  *See* Opp. Br. p. 9:11-15.  The

2  original complaint in the *Harding* case, like Plaintiff's FAC here, alleged only (1) that Time

3  Warner failed to pay its employees overtime, (2) that no applicable exemption applied, and (3)

4  therefore the class was entitled to overtime.  The court dismissed that complaint, and granted

5  leave to amend.  Subsequently, the plaintiff amended and the defendant again sought to dismiss,

6  based on the *Iqbal/Twombly* requirements.  Contrary to Plaintiff's description of the opinion, the

7  principal failure of the plaintiffs' allegations in the Harding case was that the plaintiffs failed to

8  allege any facts showing that any overtime was owed:

> The First Amended Complaint does not contain factual allegations showing that:  Plaintiff worked overtime; Plaintiff received less than all wages due to him; and/or Plaintiff's time records or wage statements were inaccurate.

*Harding II*, 2010 U.S. Dist. LEXIS 5896 , at *11.  Plaintiff's FAC here suffers from the same fault – there is no allegation that Plaintiff worked overtime; no allegation sufficient to show that Plaintiff was not paid all wages; and no allegation that shows his wage statements were inaccurate.  *Id.*  Indeed, Plaintiff never even alleges when he worked overtime or missed a meal or rest period, how much he believes he is owed or any facts from which a plausible claim can be inferred.

Similarly, Plaintiff contends that the dismissal in *Gutierrez v. Aaron's, Inc.* resulted because "the complaint under attack attributed the defendants' failure to pay overtime to an automatic thirty minute time deduction policy" and suggests that court rested its decision on the plaintiff's failure to "state at which of the locations where he worked the policy [regarding time clock deduction] applied, and when it was in effect."  *See* Opp. Br. p. 9:19-10:6.  This reading of the *Gutierrez* ruling is severely twisted.  The court there stated:

> In supporting his claim, Plaintiff attributes Defendant's failure to pay overtime, at least in part, to its policy of subtracting thirty minutes of time worked from employees' pay checks where an employee worked more than six hours in a day. The only additional allegation provided is the legal conclusion that Defendant failed to abide by California Labor Code § 510(a).
>
> Plaintiff fails, however, to allege where and when Defendant implemented this policy. Plaintiff states that he worked at two different locations, but does not indicate at which of Defendant's

> locations this policy was practiced. With only a legal conclusion and limited factual allegations supporting the claim, Plaintiff has merely alleged a suspicion of a right to relief. He has not nudged his claim across the line from conceivable to plausible.

*Gutierrez*, 2010 U.S. Dist. LEXIS 126828, at *7-8. A plain reading of the *Gutierrez* opinion refutes Plaintiff's argument that the decision dismissing the complaint in that case was different than the circumstances here. To the contrary, the decision was grounded on the common theme among the cases Defendant cited in its moving papers – as well as the FAC in the instant case – that the plaintiff had alleged nothing more than bare-bone, conclusory allegations reciting the applicable statutes and nothing more.

### B. Plaintiff's Allegations Fail Under The *Iqbal/Twombly* Standard

Plaintiff argues that his FAC is sufficient under *Iqbal* and *Twombly* because the FAC asserts "a second level of reasoning" that takes his FAC out of the "bare-bone" (or as he puts it, the "if a then b") category. Plaintiff contends the following "facts" give his claims substance:

- "[Defendant] misclassified [Plaintiff and the class] as exempt (for the reason that class members primarily performed repetitive, routine work and because none of the potentially applicable exemptions apply)," Opp. Br. p. 10:9-11;
- the FAC cites a class of "engineering employees" and identifies ten specific positions, *id.* at 10:16-20;
- the FAC identifies the time period – from the filing of the Complaint going back four years, *id.* at 10:20-21; and
- the FAC states "where" the claims apply – the entire State of California, *id.* at 10:23-11:3.

These allegations, Plaintiff argues, show that he has not simply alleged a bare-bones complaint but instead has alleged a complaint "chock-full" of facts. *See* Opp. p. 1:13. This is plainly insufficient. These "second level" facts, as Plaintiff refers to them, are themselves conclusory, and do not allege anything specific to Plaintiff and his claims. The allegation that no exemption applies is plainly a legal conclusion. The recitation of a list of job titles is also

conclusory because there are no facts alleged that show what the job duties of a "manufacturing engineer" are or how those duties fall outside any applicable exemption.[4]  The time-period at issue is driven by the applicable statute of limitations, not any fact particular to Plaintiff or the class.  And the alleged geographical scope of the class is driven by the fact that all of the claims for relief are based on California law, which have no extra-territorial application.  *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1206-09 (2011) .

As discussed in Defendant's moving papers with respect to all claims seeking unpaid wages, "at minimum, Plaintiff must allege the applicable rate of pay, the dates of violation, and the amount of wages and penalties due for the class."  *Harding II*, 2010 U.S. Dist. LEXIS 5896, at *15 (citing *Villegas v. J.P. Morgan Chase & Co.,* No. C 09-00261, 2009 U.S. Dist. LEXIS 19265, 2009 WL 605833, at *5 (N.D. Cal. Mar. 9, 2009) (holding that plaintiff did not allege sufficient facts to support a violation of the FLSA when the complaint only provided conclusory allegations that plaintiff "did not receive properly computed overtime wages"); *Zhong v. August August Corp.,* 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) ("[I]n order to survive a motion to dismiss ... where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received."); *Jones,* 538 F. Supp. 2d at 1102 (same)).  Additionally, Plaintiff should be required to plead his own alleged unpaid overtime, unpaid meal and rest periods, claim for waiting time penalties, and claim for injury due to itemized statements, with significantly more detail.  *See DeLeon ,* 2009 U.S. Dist. LEXIS 74345, at *7-8.

---

[4] Plaintiff held only two of the ten specifically-identified positions, "Associate Manufacturing Engineer" and "Manufacturing Engineer".  FAC ¶ 9.  In addition to lacking standing to represent class members who held different job positions (discussed below), Plaintiff fails to make any allegation that could plausibly show he is similarly situated to individuals in other job positions – for example, that they have the exact same job duties – and that Plaintiff has knowledge of all of the job duties of all of the class job positions.  Rather, it appears from the allegations and Plaintiff's Opposition Briefing herein (as well as Plaintiff's statements in the recently-filed Joint Case Management Conference Statement) that Plaintiff intends to pursue a class based upon the unifying common trait that Plaintiff and the proposed class members have all been wrongly classified as exempt regardless of the job duties.  *See, e.g.*, Opp. Br. p. 13.  If that is his plan, this case is bound to be a colossal waste of time because Plaintiff will never be able to certify a class.  For purposes of this motion to dismiss, Plaintiff should also be required to allege facts sufficient to show that he is similarly situated to the proposed class.

1   With respect to the alleged violation of Labor Code § 226 set forth in the fifth claim for relief, Plaintiff argues that he can plead an "actual injury" by alleging simply that he is unable to accurately compute his hours or by "the simple act of filing a lawsuit." *See* Opp. Br. p. 15:23-27. These arguments were rejected recently by the California Court of Appeal in *Price v. Starbucks,* 192 Cal. App. 4th 1136, 1142-43, 122 Cal. Rptr. 3d 174 (2011), where the court held that an alleged deprivation of information on a wage statement "standing alone is not a cognizable injury" under Labor Code section 226. *Id.* The court specifically rejected an argument that "[the plaintiff], and the class he seeks to represent, were allegedly injured because they have been deprived of the requisite information on their wage statements. This lack of information "caused confusion and possible underpayment of wages due," required the putative class to file this lawsuit, and forced the putative class to attempt to reconstruct their time and pay records. . . ." *Id.* Accordingly, Plaintiff's argument here that he has alleged sufficient facts to support his wage statement claim is meritless; Plaintiff has not alleged any cognizable "injury". *Id.*

In short, there is absolutely no basis for Plaintiff's argument that "Stating a plausible claim for relief under the Labor Code may mean little more than pleading that Defendant maintains and enforces employment policies and practices that are contrary to a statutory mandate, and that Plaintiff and class members were subject to those policies." *See* Opp. p. 11:9-12. Plaintiff's arguments should be rejected, and Defendant's motion to Dismiss granted.

**C.   Plaintiff Has Failed To Identify An Ascertainable Class Or Subclasses Because As Alleged, The Class And Subclass Definitions Are Impermissibly Merits-Based**

As addressed in Defendant's moving papers, it is Plaintiff's burden to plead that all the requirements for class action adjudication are met, including that there is an ascertainable class. *Senter* v. *GM Corp.,* 532 F.2d 511, 522 (6th Cir. 1976). Thus, a class action complaint must set forth facts sufficient to show an ascertainable class that exists and is "precise, objective and presently ascertainable". *O'Connor v. Boeing N.A., Inc.,* 197 F.R.D. 404, 416 (C.D. Cal. 2000). A class definition is insufficient if it would require the court "to pass on the merits of the claim at the class certification stage in order to tell who was included in the class." *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985).

1       Here, Plaintiff contends that there is no authority to strike class definitions at the
2  pleadings stages, and the cases Defendant cited for this proposition are "contrary to both
3  California and Federal law." Opp. Br. p. 16:16-18. The caselaw on this point is clear, including
4  the case that Plaintiff cites and attempts to distinguish – *Brazil v. Dell*, 585 F. Supp. 2d 1158
5  (N.D. Cal. 2008). There, Judge Whyte granted a motion to strike the class definition because it
6  appeared to require adjudication of a merits issue in order to determine the composition of the
7  class. The same is true here, where each of the ten "overtime" subclasses requires determining
8  who was "not paid <u>the legally requisite</u> overtime rate for all hours worked in excess of eight (8)
9  hours per workday and/or forty (40) hours per workweek". *See* FAC ¶ 26-35 (emphasis added).
10 Similarly, the "Meal Period Subclass" includes persons who "worked periods exceeding five
11 hours without an uninterrupted, off-duty, 30-minute meal period and/or periods in excess of ten
12 hours without a second uninterrupted, off-duty, 30-minute meal periods, and were not provided
13 compensation of one hour's pay at the employee's regular rate for each such day," FAC ¶ 36; and
14 the "Rest Period Subclass" is similar, purporting to include only those persons who "worked
15 periods of four hours or a major faction thereof, without a rest period of at least 10-minutes
16 without compensation of one hour's pay at the employees regular rate for each such day." FAC ¶
17 37. The "Waiting Time Subclass" and "Illegal Records Subclass" both also turn on the merits of
18 the claims for relief, and would require adjudication in order to determine the composition of
19 each subclass. *See* FAC ¶ 38, 39.

20      Each of these class and subclass definitions turn the class action procedure upside
21 down, because they require the Court first to determine the merits of each individual's claims
22 (i.e., that overtime pay was required by law, or that meal periods and rest periods were not
23 provided) before deciding which individuals are bound by the result of that inquiry. *See Eisen v.*
24 *Carlisle & Jacquelin,* 417 U.S. 156, at 177-78.; *Gen. Tel. Co. of the Southwest v. Falcon*, 457
25 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) (sometimes it is "plain enough from the
26 pleadings to determine whether the interests of the absent parties are fairly encompassed within
27 the named plaintiff's claims"); *see also Brazil v. Dell*, 585 F. Supp. 2d 1158. Accordingly,
28 Plaintiff's alleged class and subclasses are thus not ascertainable and the Court should dismiss all

class claims, or alternatively strike the class definitions in paragraphs 25-39 and all other class allegations, e.g., FAC ¶ 40-46.

### D. Plaintiff Lacks Standing To Represent Employees Holding Job Positions Plaintiff Never Held

Defendant showed that Plaintiff lacks standing to represent employees outside job positions that he actually held. Plaintiff has not alleged <u>any</u> facts that show that any of the eight job positions he admittedly did not hold are similarly situated to his own. Indeed, his attempt to allege various subclasses implies that liability for the different engineering positions cannot be decided on a common basis for all positions—confirming the differences between positions.

Plaintiff confuses the issue raised in Defendant's motion with Article III standing requirements. *See* Opp. Br. p. 12:14-13:6. Defendant has not asserted a lack of Article III standing. Rather, the issue is whether Plaintiff has pled any facts to support a plausible theory whereby Plaintiff has sufficient commonality with individuals who held job positions Plaintiff never held. *See Amchem Prods. v. Windsor*, 521 U.S. 591 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

The Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (decided after the filing of this motion) underscores the important of this standing issue. It noted that "[a] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.*, 131 S. Ct. at 2550 (internal quotation marks omitted). The Court also emphasized that "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury", which "does not mean merely that they have all suffered a violation of the same provision of law." *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 157) (internal quotation marks omitted). Most fundamentally, *Dukes* confirmed that the claims of all class members "must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution –which means that *determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims **in one stroke**.*" *Id.* at 2551 (emphasis added).

Here, Plaintiff admits he never held eight out of the ten job positions he divides into subclasses and seeks to represent on an exemption based claim. The exemption analysis requires an examination of the actual job duties of the class members as well as whether the types of decisions made are sufficiently important and require the exercise of judgment and discretion. Thus, to adjudicate Defendant's liability for failure to pay overtime "in one stroke", Plaintiff will have to present evidence about the job duties of each of the job positions and about the judgment and discretion exercised by employees in those job position. It is difficult to imagine how this Plaintiff could possibly do so, given that he never held any position other than "associate manufacturing engineer" and "manufacturing engineer". Hence, for all of the subclasses identifying other job positions, Plaintiff lacks standing to represent those individuals as the named plaintiff.

Plaintiff's arguments on this issue conflict. On the one hand, while attempting to salvage his substantive claims from dismissal due to lack of factual pleading, Plaintiff argues that an important fact he has pled is that no overtime exemption is applicable because the "class members primarily performed repetitive, routine work." Opp. Br. at 10:10-11. On the other hand, to avoid dismissal for lack of standing, Plaintiff argues he can represent all of these employees because "the policy of misclassification" is the real issue and not "the intricacies of each individual job title at issue." Opp. Br. at 12:13-16. Either the job duties are important facts or they are unimportant. Plaintiff cannot have it both ways. And certainly the cases reject that an exemption "policy" can resolve liability "in one stroke", such that it is central to commonality. *See Dukes,* 131 S. Ct. at 2551 ("That common contention…must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"); *see also Campbell v. Pricewaterhousecoopers, LLP*, 642 F.3d 820, 827-28 (2011) ("Each case will require a fact-specific inquiry into whether the [employee] meets the subsection's various benchmarks—e.g., engaging in work that is 'predominately intellectual and varied in character.' And that is exactly how the former federal regulations tell us the inquiry must proceed:' the exemption of [an] individual … depends upon his duties and other qualifications.'") (citations omitted).

1   For these reasons, Plaintiff lacks standing to represent the class and subclasses
2   pled in the FAC other than "associate manufacturing engineer" and "manufacturing engineer".

### E.     Improper and Immaterial Allegations Should Be Stricken Or Dismissed

Plaintiff fails to substantively address the issues raised in Defendant's Motion to Strike – namely (A) that references to "Doe" defendants should be stricken, (B) that the § 17200 claim cannot be alleged on behalf of "the general public" and (C) Plaintiff seeks improper relief, including an accounting, injunctive relief, and declaratory relief and attorneys fees as part of the § 17200 claim, "appointment of a receiver", and a form of discovery "Order" requiring Defendant to provide class members' names and contact information.  For the most part, Plaintiff fails to address these issues, and where he does do so, his contentions are legally erroneous.

### 1.     "Doe" Defendants Are Improper And Immaterial

"Doe" defendants are inconsistent with, and improper, under the Federal rules pertaining to pleading.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of "Doe" defendants is generally disfavored).  This is a longstanding rule of federal pleading.  *See Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) ("[The Complaint] was also properly dismissed as to the fictitious defendants.  If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so.").  In *Gillespie*, the Ninth Circuit permitted a claim alleged against <u>a specific individual</u>, who the plaintiff knew to exist, but just did not know the individual's name; hence, the defendant was identified only as "John Doe."  629 F.2d at 642.  Under those "special circumstances," the Ninth Circuit permitted the claim to proceed.  *Id.*; *see also Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) (same).  The difference here is that Plaintiff purports to assert claims against 100 fictitious defendants.  These are not specific individuals that Plaintiff is simply ignorant as to their names, they are figments of Plaintiff's allegations.  That he may believe additional defendants may be necessary does not support use of fictitious defendants.  As the Ninth Circuit stated in *Tolefree*, "[i]f plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so."  382 F.2d at 567.

### 2. Plaintiff Cannot Assert The Sixth Claim For Relief "On Behalf Of The General Public"

As set forth in Defendant's moving papers, Plaintiff cannot seek to prosecute the § 17200 claim "on behalf of the general public", as alleged in the FAC. Plaintiff apparently concedes this point, as he fails to address this issue in any manner. The reference to "the general public" in ¶ 74 of the FAC should be stricken.

### 3. Plaintiff cannot seek an accounting.

Contrary to Plaintiff's argument, Defendant cited applicable law that Plaintiff has not alleged facts necessary to state a claim for "an accounting". *See* Opening Br. p. 19:19-28 (discussing elements of claim for accounting and citing 5 B.E. Witkin, *California Proc.*, Pleading § 819, p. 236 (5th ed. 2008); *see also Civic W. Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 14, 135 Cal. Rptr. 915, 923 (1977)). Plaintiff cites no contrary authority, and indeed appears to ignore the impropriety of the accounting allegation altogether, other than to note that Defendant's motion attacks the "accounting" allegation. *See* Opp. Br. p. 19-20. Accordingly, Defendant's motion on this point is conceded (in addition to being legally supported).

### 4. Plaintiff cannot seek attorney's fees as part of his § 17200 claim.

As Defendant pointed out in its moving papers, Plaintiff's attempt to seek attorneys' fees as part of his § 17200 claim, *see* FAC, Prayer ¶ 25, is improper. "[T]he UCL does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution." *Davis v. Ford Motor Credit Co. LLC*, 179 Cal. App. 4th 581, 600, 101 Cal. Rptr. 3d 697, 711 (2009). Here, too, Plaintiff fails to address the legal point that a § 17200 claim does not permit attorneys fees. *Id.* Plaintiff's only argument is that striking these improper matters would "prematurely seek a judgment", e.g., on the § 17200 claim. *See* Opp. Br. p. 19:21-27. This assertion is meritless. First, a motion under Federal Rule of Civil Procedure 12, whether styled as a motion to dismiss under Rule 12(b)(6) or to strike under rule 12(f), is an appropriate mechanism to adjudicate a plaintiff's entitlement to particular relief on the basis of the pleading. If, based on the allegations of the pleading alone, Plaintiff is not entitled to assert a certain claim for relief, the Court should not permit Plaintiff to prosecute the claim through trial, subjecting Defendant to

1   discovery, certification proceedings and a trial on the merits.  There is simply no basis for
2   Plaintiff's contention, and Plaintiff cites no authority to support that contention that dismissing or
3   striking a legally improper claim for relief is a "premature" "judgment" on the entire § 17200
4   claim for relief.

### 5. Plaintiff Lacks Standing To Seek Injunctive Or Declaratory Relief

Plaintiff's claim for injunctive relief is even more flawed.  *See* FAC, Prayer ¶ 17 (as to fifth claim for relief for wage statement violations, seeking "injunctive relief to ensure Defendants' compliance with Labor Code section 226 pursuant to Labor Code section 226(g)"; *Id.*, Prayer ¶ 23 (as to sixth claim for relief under § 17200, seeking "all other appropriate injunctive, declaratory and/or equitable relief").  As set forth in Defendant's moving papers, *former* employees, such as Plaintiff, *see* FAC ¶ 9, do not have standing to seek injunctive or declaratory relief against a *former* employer.  *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employees lack standing to seek injunctive relief because they would not stand to benefit from it); *see also Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("class members who were no longer . . . employees at the time the complaint was filed do not have standing to pursue injunctive or declaratory relief"); *Flynn v. Fairmont Hotels & Resorts, Inc.*, CV. NO. 10-00285 DAE-LEK, 2010 U.S. Dist. LEXIS 137698, at *11-12 (D. Haw. Dec. 29, 2010) (former employees did not have standing to pursue injunctive relief concerning alleged violation of state wage statutes).  Indeed, the Supreme Court in *Dukes* recently reaffirmed this principle in the context of reversing a class certification order that included "about half the members of the class".  The Supreme Court noted that those former employees "have no claim for injunctive or declaratory relief at all" because "those plaintiffs no longer [are] employed by Wal-Mart [and] lack standing to seek injunctive or declaratory relief against its employment practices".  *Dukes*, 131 S. Ct. at 2560.  Plaintiff, as a former employee, has no standing to seek injunctive relief, and therefore his allegations seeking injunctive relief are improper.  Here, too, Plaintiff completely fails to address the issue of standing to seek injunctive relief, and therefore concedes that it is improper for him to do so.

Similarly, Plaintiff fails to address how he is entitled to declaratory relief.  Indeed,

1  Plaintiff does not even note casually (as he does with respect to the claim for an accounting and
2  for appointment of a receiver) that Defendant's motion challenges his prayer for declaratory
3  relief.  Accordingly, Defendant's motion with respect to declaratory relief is conceded.
4  Moreover, any claim by Plaintiff for declaratory relief is meritless, since a claim for declaratory
5  relief by its nature is to provide guidance and direction to the plaintiff and defendant in order to
6  govern their *future* interactions, and Plaintiff and Defendant here have no future interactions
7  because Plaintiff is a *former* employee and their relationship has ended.  *See* 28 U.S.C. § 2201
8  (requiring an "actual controversy").

## III. CONCLUSION

For the reasons set forth above and discussed in Defendant's moving papers, the Court should grant Defendant's Motion to Dismiss and alternative Motion to Strike.

Dated: August 5, 2011

LYNNE C. HERMLE
MICHAEL A. APARICIO
Orrick, Herrington & Sutcliffe LLP


By:  /s/  Michael A. Aparicio
MICHAEL A. APARICIO
Attorneys for Defendant
SPACE SYSTEMS/LORAL, INC.