**E-Filed 9/15/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JEREMY SCHNEIDER on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, Defendants. | Case Number 5:11-cv-02489-JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND TERMINATING MOTION TO STRIKE AS MOOT<br><br>Re: Docket No. 4 |

Plaintiff Jeremy Schneider, formerly an engineer at Defendant Space Systems/Loral, Inc. ("Loral"), alleges that Loral failed to pay him overtime wages and denied him meal and rest breaks because it improperly classified his job as exempt from California's wage and hour laws. Schneider filed a complaint on behalf of himself and a purported class of other engineers currently or previously employed by Loral. Loral moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Schneider's First Amended Complaint ("FAC")[2], or, in the alternative, to strike numerous allegations within the FAC. For the reasons set forth below, the motion to dismiss

[1] This disposition is not designated for publication in the official reports.

[2] Schneider filed his original complaint on January 14, 2011 in the Santa Clara Superior Court.

will be granted with leave to amend, and the motion to strike will be terminated as moot.

## I. BACKGROUND

Loral is a Delaware corporation doing business in Santa Clara County, California.  It designs, manufactures, and integrates satellites and satellite systems for commercial and government customers around the world.  Schneider worked for Loral as an associate manufacturing engineer and a manufacturing engineer (presumably at separate times).[3]  He claims that his job duties, as well as those of at least four other categories of associate engineer or engineer positions at Loral,[4] consisted primarily of repetitive and routine functions.  On this basis, he asserts that Loral incorrectly classified engineers as exempt from California laws requiring overtime pay, meal breaks, and rest breaks or pay in lieu of such breaks, and Loral failed to pay them as required by the law.

The FAC asserts seven claims for relief: (1) failure to pay overtime wages in violation of California Labor Code § 1194; (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (3) failure to provide rest periods in violation of California Labor Code §§ 226.7 and 512; (4) failure to timely pay all wages due in violation of California Labor Code § 203; (5) failure to provide accurate wage statements in violation of California Labor Code § 226; (6) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*; and (7) violations warranting penalties under the Private Attorneys General Act of 2004, California Labor Code §§ 2698 *et seq.*

## II. LEGAL STANDARD

---

[3]  Schneider does not state when he began working at Loral, when he stopped working at there, or when held the titles of associate manufacturing engineer or manufacturing engineer.  In their Joint Case Management Statement filed August 5, 2011, the parties indicated that Schneider held "the job positions of 'Associate Manufacturing Engineer' and 'Manufacturing Engineer' from September 3, 2009, until his termination on January 10, 2011."

[4]  Schneider claims that Loral misclassified at least the following positions as exempt: associate manufacturing engineer, manufacturing engineer, associate test engineer, test engineer, associate quality engineer, quality engineer, associate industrial engineer, industrial engineer, associate responsible engineer, and responsible engineer.

Case No. 5:11-cv-02489-JF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND
TERMINATING MOTION TO STRIKE AS MOOT
(JFLC3)

1    "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

2    cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

3    *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to

4    dismiss, a court takes the plaintiff's allegations as true and construes the complaint in the light

5    most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a

6    motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

7    claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff

8    pleads factual content that allows the court to draw the reasonable inference that the defendant is

9    liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl.*

10   *Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  A court need not accept as true conclusory

11   allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact

12   contained in the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir.

13   1994).  A court must grant leave to amend unless it is clear that the plaintiff cannot cure the

14   complaint's deficiencies by amendment.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.

15   1995).  When amendment would be futile, however, a court may order dismissal with prejudice.

16   *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

17                                **II. DISCUSSION**

18       **A.  Motion to Dismiss**

19       The central allegations in the FAC are that Schneider worked uncompensated overtime

20   hours and did not receive meal and rest breaks or compensation in lieu of such breaks.  However,

21   the FAC contains only bare assertions untethered to any facts about Schneider's particular

22   employment history.  It states that Loral "regularly required Plaintiff and the Plaintiff Class to

23   work overtime hours without overtime compensation."  FAC at ¶ 18; *see also* FAC at ¶ 19

24   (stating that Schneider and putative class members "primarily performed non-exempt work in

25   excess of the maximum regular rate hours" and were "therefore entitled . . . to overtime

26   compensation.").  With respect to meal and rest breaks, the FAC alleges that Schneider and

27   putative class members "work[ed] without being given paid 10-minute rest periods as required

28

                                           3

by law and without being given a 30-minute meal period and second 30-minute meal periods as required by law, during which [they] should have been relieved of all duties and free to leave the premises." FAC at ¶ 21.

Such "naked assertions devoid of further factual enhancement" are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949; *see also id.* (Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  In wage dispute cases, courts repeatedly have dismissed complaints as general as Schneider's.  *See, e.g, Weigele v. FedEx Ground Package Sys.*, No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475, at *11-12 (S.D. Cal. Nov. 15, 2010) (dismissing complaint alleging that "Defendant required the Plaintiffs to work overtime without lawful compensation" and that "Defendant required Plaintiffs to work . . . without being given a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours during which Plaintiffs were relieved of all duties and free to leave the premises, nor did Defendant pay any Plaintiffs . . . one hour's pay at the employee's regular rate of pay as premium pay compensation for failure to provide . . . meal periods."); *Anderson v. Blockbuster Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854, at *6 (E.D. Cal. May 4, 2010) (dismissing complaint alleging that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and that "Defendants willfully failed to pay all overtime"); *Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMC, 2009 U.S. Dist. LEXIS 72851, at *8-9 (S.D. Cal. Aug. 18, 2009) (dismissing complaint alleging that employer failed to "pay and properly calculate overtime" and "provide uninterrupted Meal Periods"); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345, at *6 (C.D. Cal. July 17, 2009) (dismissing complaint alleging that "[d]uring the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods.").

Schneider argues that the FAC nonetheless should withstand Loral's motion to dismiss because it contains additional allegations discussing the cause of Loral's alleged failure to

1    provide overtime pay, meal breaks, and rest breaks, i.e., Loral's misclassification of him and

2    other engineers as exempt.  However, without facts supporting a reasonable inference that

3    Schneider and others similarly situated actually worked overtime or were denied breaks, Loral's

4    classification scheme is irrelevant.[5]

5         Schneider's remaining claims for relief depend upon the sufficiency of his overtime and

6    meal and rest break claims.  The waiting-time claim under California Labor Code § 203 alleges

7    that "due to the failure to pay overtime wages," Loral did not timely pay all wages it owed to

8    Schneider and other putative class members who left its employ.  FAC at ¶ 57.  The wage-

9    records claim under California Labor Code § 226 also rests on the overtime allegations, as

10   Schneider asserts that Loral "directed employees to only report 8 hours of work per day

11   irrespective of actual hours worked."  FAC at ¶ 62.  The unfair-competition claim is based upon

12   the "wrongfully withheld wages and meal and rest period pay."  FAC at ¶ 76.  Finally, the claim

13   under the Private Attorney Generals Act is based on Loral's alleged "failure to pay wages at

14   overtime rates . . . and failure to provide proper duty-free meal and/or rest periods or to pay

15   compensation of one hour's pay in lieu thereof."  FAC at ¶ 82.  Because it is not clear that

16

17   _____

18        [5]  In any case, Schneider does not support his allegations concerning classification with
     factual content.  He asserts that he and the putative class members did "not perform work related
19   to Defendant's general business operations but primarily perform[ed] functions related to the
     product or service provided by Defendants and [did] not exercise discretion and/or independent
20   judgment to be exempt in an administrative capacity.  They [did] not qualify under the
     professional exemption because they did not engage in duties that meet the test of the exemption
21   and/or were not paid the statutory minimum to qualify.  Further, they [were] not employed on an
     hourly basis with pay not less than the statutory rate set by the [Industrial Welfare
22   Commission's] Wage orders and premium overtime pay.  Hence, the work performed in these
     employee positions is not exempt work but rather is non-exempt work."  FAC at ¶ 22.  These
23   statements are legal conclusions "unadorned" by any "factual enhancements" to support their
     plausibility.  *Iqbal*, 129 S. Ct. at 1949.  As such, a court can disregard them when evaluating a
24   motion to dismiss.  *See Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009) (A
     "court considering a motion to dismiss can choose to begin by identifying pleadings that,
25   because they are no more than conclusions, are not entitled to the assumption of truth. While
     legal conclusions can provide the framework of a complaint, they must be supported by factual
26   allegations." (quoting *Iqbal*, 129 S. Ct. 1937, 1950 (2009))).

27

28

Case No. 5:11-cv-02489-JF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND
TERMINATING MOTION TO STRIKE AS MOOT
(JFLC3)

amendment would be futile, leave to amend will be granted.

**B.  Motion to Strike**

In light the disposition of the motion to dismiss, the motion to strike will be terminated as moot.  At oral argument, Loral argued—and Schneider conceded—that Schneider lacks standing to seek any declaratory or injunctive relief against it because he is no longer its employee. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that former employee lacks standing to seek injunctive relief, at least where employee has given "no indication in the complaint that [she] has any interest in returning to work" for the defendant). Accordingly, to the extent that any amended complaint seeks declaratory or injunctive relief, Schneider must add or substitute a current employee of Loral as plaintiff for that purpose.[6]

### III. ORDER

Good cause therefor appearing, the motion is GRANTED, with leave to amend. Any amended pleading shall be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED**.

DATED: September 15, 2011

_____
JEREMY FOGEL
United States District Judge

---

[6]  Loral also argued that in any future amended complaint, Schneider must allege particular facts demonstrating why he should be permitted to represent the other categories of engineers in his putative class.  This is a Rule 23 issue, which is distinct from a pleading issue under Rule 8.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. . . . '[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and . . . certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied,' . . . ." (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982)))  The adequacy of Schneider's class allegations is not at issue at the present time.

Case No. 5:11-cv-02489-JF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND
TERMINATING MOTION TO STRIKE AS MOOT
(JFLC3)