IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCHNEIDER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. C 11-2489 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; DENYING MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE AS MOOT; VACATING HEARING** |

Before the Court is defendant Space Systems/Loral, Inc.'s ("SSL") motion to dismiss plaintiff Jeremy Schneider's ("Schneider") Second Amended Complaint ("SAC"), or, in the alternative, for a more definite statement, and motion to strike certain allegations. Schneider has filed opposition, to which SSL has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 17, 2012, and rules as follows.

## BACKGROUND

SSL is a Delaware corporation doing business in Santa Clara County, California, (see SAC ¶ 9), that designs, manufactures, and integrates satellites and satellite systems for commercial and government customers around the world (see Joint Case Management

1  Statement, filed August 5, 2011, at 1:12-13). Schneider worked for SSL as an "associate
2  manufacturing engineer" and "manufacturing engineer." (See SAC ¶ 7.) In his SAC, as in
3  his First Amended Complaint ("FAC"), Schneider alleges that his job duties, as well as
4  those of several other categories of engineer positions at SSL, consisted primarily of
5  repetitive and routine functions (see SAC ¶ 18) and that SSL incorrectly classified
6  engineers as exempt from California laws requiring overtime pay and meal periods, and
7  failed to pay the engineers as required by law (see SAC ¶¶ 16-17).

Based on the above allegations, the SAC asserts six causes of action: (1) failure to pay overtime wages in violation of California Labor Code § 1194; (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (3) failure to timely pay all wages due in violation of California Labor Code § 203; (4) failure to provide accurate wage statements in violation of California Labor Code § 226; (5) unfair competition in violation of California Business and Professions Code §§ 17200 et seq.; and (6) violations warranting penalties under the Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq.

**LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950.

2

**DISCUSSION**

By order filed September 15, 2011, the Court dismissed Schneider's FAC because it lacked sufficient facts to support a cognizable legal theory.[1]  (See Order Granting Motion to Dismiss First Amended Complaint with Leave to Amend and Terminating Motion to Strike as Moot, filed September 15, 2011 ("Sept. 15 Order") at 3:19-4:25.)  As set forth in said order, the Court found Schneider's allegations regarding uncompensated overtime and missed meal periods were "only bare assertions untethered to any facts about Schneider's particular employment history" and accordingly insufficient to state a claim.  (See Order at 3:21-22, 4:4-5 (citing Iqbal 129 S. Ct. at 1949)).  Schneider has not added sufficient factual allegations to cure the noted defects.

As to Schneider's First Cause of Action, alleging uncompensated overtime, Schneider has added no factual allegations demonstrating he actually worked overtime and was not paid.  The only new allegations relevant to said cause of action are that "[c]lass members worked significant overtime"; "[class members] were subject to the Company's '10% casual overtime policy,' which required [c]lass members to work a minimum of 10% of their total time as overtime hours, for which they were not paid"; and "[c]lass members worked overtime beyond the policy requirement."  (See SAC ¶ 36.)  Such allegations are essentially the same as the conclusory allegations in the FAC, and, for the same reasons, are insufficient.  (See FAC ¶ 18 (alleging SSL "regularly required [p]laintiff and the [p]laintiff [c]lass to work overtime hours without overtime compensation")); see also Anderson v. Blockbuster Inc., No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 at *2-3 (E.D. Cal. May 4, 2010) (finding "conclus[ory]" allegation that "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" insufficient to state claim); Weigele v. FedEx Ground Package System, Inc., No. 06-CV-1130 JLS, 2010 WL 4723673 at *4-5 (S.D. Cal. Nov. 15, 2010) (finding "naked assertion[ ]" that "[d]efendant required the [p]laintiffs to work overtime without lawful

---

[1] Thereafter, on September 27, 2011, the above-titled action was reassigned to the undersigned.

compensation" failed to state claim).

The SAC includes no facts setting out the uncompensated hours Schneider worked, or any facts otherwise demonstrating he actually worked overtime. See, e.g., Deleon v. Time Warner Cable LLC, No. CV 09-2438 AG, 2009 U.S. Dist. LEXIS 74345 at *6-7 (finding plaintiff "should allege more specific facts about [p]laintiff himself, if not about the entire class"; holding "conclusory" allegation that "[d]uring the relevant time period, [p]laintiff and class members consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week" insufficient to state claim). Moreover, an allegation that a "10% casual overtime policy" existed, without further detail as to the terms of the policy, the particular employees to which it applied, or how the policy was enforced, is both ambiguous and conclusory. In sum, the additional allegations in the SAC fail to provide what was lacking in the FAC, namely, "facts supporting a reasonable inference that Schneider and others similarly situated actually worked overtime." (See Order at 5:2-4.)

The one allegation added to Schneider's Second Cause of Action, asserting a claim based on missed meal periods, likewise fails as both ambiguous and conclusory. In the FAC, Schneider alleged he and other class members "work[ed] without being given paid 10-minute rest periods as required by law and without being given a 30-minute meal period and second 30-minute meal periods as required by law, during which [they] should have been relieved of all duties and free to leave the premises." (See FAC ¶ 21.) As with Schneider's allegations regarding unpaid overtime, the Court held such allegation lacked factual support and failed to state a claim. (See Sept. 15 Order at 3:26-4:6.) Schneider's sole new allegation regarding this cause of action is that "[t]hrough a policy of understaffing and overwork, the Company failed to provide [c]lass members with meal periods, which they were entitled to by virtue of their true non-exempt status." (See SAC ¶ 40.) Such additional allegation is unavailing as Schneider, again, has provided no facts demonstrating he actually missed a meal period for which he was not compensated. Further, said allegation provides no factual detail as to the alleged "policy," the particular employees to

which the "policy" applied, or how the "policy" actually resulted in missed meal periods. See, e.g., Deleon, 2009 U.S. Dist. LEXIS 74345 at *6 (holding "conclusory" allegation that "[d]uring the relevant time period, [d]efendants willfully required [p]laintiff and class members to work during meal periods and failed to compensate [p]laintiff and class members for work performed during meal periods" insufficient to state claim).

As with the FAC, the remaining causes of action in the SAC are dependent on the sufficiency of Schneider's overtime and meal-period causes of action. The Third Cause of Action, for waiting-time penalties under California Labor Code § 203, alleges that "due to the willful failure to pay overtime wages and meal period compensation," SSL did not timely pay all wages it owed to Schneider and other class members. (See SAC ¶ 43.) The Fourth Cause of Action, for wage statement violations under California Labor Code § 226, alleges SSL "directed employees to only report 8 hours of work per day irrespective of actual hours worked." (See SAC ¶ 47.) The Fifth Cause of Action, for unfair-competition, is based on "wrongfully withheld wages and meal period pay." (See SAC ¶ 55.) Lastly, the Sixth Cause of Action, brought under the Private Attorney Generals Act, is based on SSL's "failure to pay wages at overtime rates . . . and failure to provide proper duty-free meal periods or to pay compensation of one hour's pay in lieu thereof." (See SAC ¶ 59.) Given Schneider's failure to plead his causes of action for unpaid overtime and missed meal periods, these causes of action likewise are subject to dismissal.[2]

Because it is not clear that "any amendment would be futile," see, e.g., Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008), the Court will grant plaintiff's request for further leave to amend.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the SAC is hereby

---

[2] As SSL correctly points out, Schneider also fails to plead, in support of his Third Cause of Action, facts demonstrating that SSL acted "willfully" (see Mot. at 15:25-16:8), and, in support of his Fourth Cause of Action, facts demonstrating an actual injury (see Mot. at 16:22-17:6). Should Schneider file a Third Amended Complaint, he must provide such sufficient factual support.

GRANTED, and the SAC is hereby DISMISSED with leave to amend.[3] The Third Amended Complaint, if any, shall be filed no later than March 2, 2012.

The Case Management Conference, currently set for March 16, 2012, is hereby CONTINUED to May 25, 2012.

**IT IS SO ORDERED.**

Dated: February 14, 2012

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of the above ruling, SSL's motion for a more definite statement and motion to strike are hereby DENIED as moot.

6