1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JEREMY SCHNEIDER, on behalf of himself          No. C 11-2489 MMC
    and all others similarly situated

12                                                  **ORDER GRANTING DEFENDANT'S**
            Plaintiff,                              **MOTION TO DISMISS PLAINTIFF'S**
13                                                  **SECOND AMENDED COMPLAINT;**
        v.                                          **DENYING MOTION FOR A MORE**
14                                                  **DEFINITE STATEMENT AND MOTION**
    SPACE SYSTEMS/LORAL, INC., a                    **TO STRIKE AS MOOT; VACATING**
    Delaware corporation, and DOES 1 through        **HEARING**
15  100, inclusive,

16          Defendants.
                                            /
17

18          Before the Court is defendant Space Systems/Loral, Inc.'s ("SSL") motion to dismiss

19  plaintiff Jeremy Schneider's ("Schneider") Second Amended Complaint ("SAC"), or, in the

20  alternative, for a more definite statement, and motion to strike certain allegations.

21  Schneider has filed opposition, to which SSL has replied.  The Court, having read and

22  considered the papers filed in support of and in opposition to the motion, deems the matter

23  suitable for decision on the parties' respective written submissions, VACATES the hearing

24  scheduled for February 17, 2012, and rules as follows.

25                                    **BACKGROUND**

26          SSL is a Delaware corporation doing business in Santa Clara County, California,

27  (see SAC ¶ 9), that designs, manufactures, and integrates satellites and satellite systems

28  for commercial and government customers around the world (see Joint Case Management

1   Statement, filed August 5, 2011, at 1:12-13).  Schneider worked for SSL as an "associate

2   manufacturing engineer" and "manufacturing engineer."  (See SAC ¶ 7.)  In his SAC, as in

3   his First Amended Complaint ("FAC"), Schneider alleges that his job duties, as well as

4   those of several other categories of engineer positions at SSL, consisted primarily of

5   repetitive and routine functions (see SAC ¶ 18) and that SSL incorrectly classified

6   engineers as exempt from California laws requiring overtime pay and meal periods, and

7   failed to pay the engineers as required by law (see SAC ¶¶ 16-17).

8       Based on the above allegations, the SAC asserts six causes of action: (1) failure to

9   pay overtime wages in violation of California Labor Code § 1194; (2) failure to provide meal

10  periods in violation of California Labor Code §§ 226.7 and 512; (3) failure to timely pay all

11  wages due in violation of California Labor Code § 203; (4) failure to provide accurate wage

12  statements in violation of California Labor Code § 226; (5) unfair competition in violation of

13  California Business and Professions Code §§ 17200 et seq.; and (6) violations warranting

14  penalties under the Private Attorneys General Act of 2004, California Labor Code §§ 2698

15  et seq.

16                                **LEGAL STANDARD**

17      "Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory

18  or the absence of sufficient facts alleged under a cognizable legal theory."  See Balistreri v.

19  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In analyzing a motion to dismiss,

20  a district court must accept as true all material allegations in the complaint, and construe

21  them in the light most favorable to the nonmoving party.  See NL Indus., Inc. v. Kaplan, 792

22  F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss," however, "a complaint

23  must contain sufficient factual material, accepted as true, to 'state a claim to relief that is

24  plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise

26  a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Courts "are not

27  bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 129 S.

28  Ct. at 1950.

                                        2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

By order filed September 15, 2011, the Court dismissed Schneider's FAC because it lacked sufficient facts to support a cognizable legal theory.[1]  (See Order Granting Motion to Dismiss First Amended Complaint with Leave to Amend and Terminating Motion to Strike as Moot, filed September 15, 2011 ("Sept. 15 Order") at 3:19-4:25.)  As set forth in said order, the Court found Schneider's allegations regarding uncompensated overtime and missed meal periods were "only bare assertions untethered to any facts about Schneider's particular employment history" and accordingly insufficient to state a claim.  (See Order at 3:21-22, 4:4-5 (citing Iqbal 129 S. Ct. at 1949)).  Schneider has not added sufficient factual allegations to cure the noted defects.

As to Schneider's First Cause of Action, alleging uncompensated overtime, Schneider has added no factual allegations demonstrating he actually worked overtime and was not paid.  The only new allegations relevant to said cause of action are that "[c]lass members worked significant overtime"; "[class members] were subject to the Company's '10% casual overtime policy,' which required [c]lass members to work a minimum of 10% of their total time as overtime hours, for which they were not paid"; and "[c]lass members worked overtime beyond the policy requirement."  (See SAC ¶ 36.)  Such allegations are essentially the same as the conclusory allegations in the FAC, and, for the same reasons, are insufficient.  (See FAC ¶ 18 (alleging SSL "regularly required [p]laintiff and the [p]laintiff [c]lass to work overtime hours without overtime compensation")); see also Anderson v. Blockbuster Inc., No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 at *2-3 (E.D. Cal. May 4, 2010) (finding "conclus[ory]" allegation that "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" insufficient to state claim); Weigele v. FedEx Ground Package System, Inc., No. 06-CV-1130 JLS, 2010 WL 4723673 at *4-5 (S.D. Cal. Nov. 15, 2010) (finding "naked assertion[ ]" that "[d]efendant required the [p]laintiffs to work overtime without lawful

---

[1] Thereafter, on September 27, 2011, the above-titled action was reassigned to the undersigned.

3

1   compensation" failed to state claim).

2       The SAC includes no facts setting out the uncompensated hours Schneider worked,

3   or any facts otherwise demonstrating he actually worked overtime.  See, e.g., Deleon v.

4   Time Warner Cable LLC, No. CV 09-2438 AG, 2009 U.S. Dist. LEXIS 74345 at *6-7 (finding

5   plaintiff "should allege more specific facts about [p]laintiff himself, if not about the entire

6   class"; holding "conclusory" allegation that "[d]uring the relevant time period, [p]laintiff and

7   class members consistently worked in excess of eight (8) hours in a day, in excess of

8   twelve (12) hours in a day, and/or in excess of forty (40) hours in a week" insufficient to

9   state claim).  Moreover, an allegation that a "10% casual overtime policy" existed, without

10  further detail as to the terms of the policy, the particular employees to which it applied, or

11  how the policy was enforced, is both ambiguous and conclusory.  In sum, the additional

12  allegations in the SAC fail to provide what was lacking in the FAC, namely, "facts

13  supporting a reasonable inference that Schneider and others similarly situated actually

14  worked overtime."  (See Order at 5:2-4.)

15      The one allegation added to Schneider's Second Cause of Action, asserting a claim

16  based on missed meal periods, likewise fails as both ambiguous and conclusory.  In the

17  FAC, Schneider alleged he and other class members "work[ed] without being given paid

18  10-minute rest periods as required by law and without being given a 30-minute meal period

19  and second 30-minute meal periods as required by law, during which [they] should have

20  been relieved of all duties and free to leave the premises."  (See FAC ¶ 21.)  As with

21  Schneider's allegations regarding unpaid overtime, the Court held such allegation lacked

22  factual support and failed to state a claim.  (See Sept. 15 Order at 3:26-4:6.)  Schneider's

23  sole new allegation regarding this cause of action is that "[t]hrough a policy of understaffing

24  and overwork, the Company failed to provide [c]lass members with meal periods, which

25  they were entitled to by virtue of their true non-exempt status."  (See SAC ¶ 40.)  Such

26  additional allegation is unavailing as Schneider, again, has provided no facts demonstrating

27  he actually missed a meal period for which he was not compensated.  Further, said

28  allegation provides no factual detail as to the alleged "policy," the particular employees to

4

1   which the "policy" applied, or how the "policy" actually resulted in missed meal periods.

2   See, e.g., Deleon, 2009 U.S. Dist. LEXIS 74345 at *6 (holding "conclusory" allegation that

3   "[d]uring the relevant time period, [d]efendants willfully required [p]laintiff and class

4   members to work during meal periods and failed to compensate [p]laintiff and class

5   members for work performed during meal periods" insufficient to state claim).

6          As with the FAC, the remaining causes of action in the SAC are dependent on the

7   sufficiency of Schneider's overtime and meal-period causes of action.  The Third Cause of

8   Action, for waiting-time penalties under California Labor Code § 203, alleges that "due to

9   the willful failure to pay overtime wages and meal period compensation," SSL did not timely

10  pay all wages it owed to Schneider and other class members.  (See SAC ¶ 43.)  The Fourth

11  Cause of Action, for wage statement violations under California Labor Code § 226, alleges

12  SSL "directed employees to only report 8 hours of work per day irrespective of actual hours

13  worked."  (See SAC ¶ 47.)  The Fifth Cause of Action, for unfair-competition, is based on

14  "wrongfully withheld wages and meal period pay."  (See SAC ¶ 55.)  Lastly, the Sixth

15  Cause of Action, brought under the Private Attorney Generals Act, is based on SSL's

16  "failure to pay wages at overtime rates . . . and failure to provide proper duty-free meal

17  periods or to pay compensation of one hour's pay in lieu thereof."  (See SAC ¶ 59.)  Given

18  Schneider's failure to plead his causes of action for unpaid overtime and missed meal

19  periods, these causes of action likewise are subject to dismissal.[2]

20         Because it is not clear that "any amendment would be futile," see, e.g., Leadsinger,

21  Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008), the Court will grant plaintiff's

22  request for further leave to amend.

23                                    **CONCLUSION**

24         For the reasons set forth above, defendant's motion to dismiss the SAC is hereby

25

26         [2] As SSL correctly points out, Schneider also fails to plead, in support of his Third
    Cause of Action, facts demonstrating that SSL acted "willfully" (see Mot. at 15:25-16:8),
27  and, in support of his Fourth Cause of Action, facts demonstrating an actual injury
    (see Mot. at 16:22-17:6).  Should Schneider file a Third Amended Complaint, he must
28  provide such sufficient factual support.

1   GRANTED, and the SAC is hereby DISMISSED with leave to amend.[3]  The Third Amended

2   Complaint, if any, shall be filed no later than March 2, 2012.

3         The Case Management Conference, currently set for March 16, 2012, is hereby

4   CONTINUED to May 25, 2012.

5         **IT IS SO ORDERED.**

6   Dated:  February 14, 2012

                                                    MAXINE M. CHESNEY
7                                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28         [3] In light of the above ruling, SSL's motion for a more definite statement and motion
     to strike are hereby DENIED as moot.

6