IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCHNEIDER, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | No. C 11-2489 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Before the Court is defendant Space Systems/Loral, Inc.'s ("SSL") motion to dismiss plaintiff Jeremy Schneider's ("Schneider") Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Schneider has filed opposition, to which SSL has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter suitable for decision on the parties' respective written submissions, and rules as follows.[1]

**BACKGROUND**

SSL is a Delaware corporation (see TAC ¶ 9) that designs, manufactures, and integrates satellites and satellite systems for commercial and government customers around the world (see Joint Case Management Statement, filed August 5, 2011, at 1:12-

---

[1] By order filed May 22, 2012, the Court vacated the hearing on the motion.

13). Schneider worked for SSL as an "associate manufacturing engineer" and "manufacturing engineer." (See TAC ¶ 7.) In his TAC, as in his First Amended Complaint ("FAC") and Second Amended Complaint ("SAC"), Schneider alleges that his job duties, as well as those of several other categories of engineer positions at SSL, consisted primarily of repetitive and routine functions (see TAC ¶ 14) and that SSL incorrectly classified engineers as exempt under California laws requiring overtime pay, and, consequently, failed to pay the engineers as so required (see TAC ¶¶ 14-17).

Based on the above allegations, the TAC asserts five causes of action: (1) failure to pay overtime wages in violation of California Labor Code §§ 510, 1194; (2) failure to timely pay all wages due in violation of California Labor Code § 203; (3) failure to provide accurate wage statements in violation of California Labor Code § 226; (4) unfair competition in violation of California Business and Professions Code §§ 17200 et seq.; and (5) violations warranting penalties under the Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq.

## LEGAL STANDARD

"Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950.

//

2

**DISCUSSION**

By order filed September 15, 2011, the Court dismissed Schneider's FAC because it lacked sufficient facts to support a cognizable legal theory.[2] (See Order Granting Motion to Dismiss First Amended Complaint, filed September 15, 2011 ("Sept. 15 Order") at 3:19-4:25.) As set forth in said order, the Court found Schneider's allegations regarding uncompensated overtime were "only bare assertions untethered to any facts about Schneider's particular employment history" and, consequently, insufficient to state a claim. (See id. at 3:21-22, 4:4-5 (citing Iqbal, 129 S. Ct. at 1949)).

By order filed February 14, 2012, the Court dismissed Schneider's SAC and found the additional allegations included therein were "essentially the same as the conclusory allegations in the FAC, and, for the same reasons . . . insufficient." (See Order Granting Motion to Dismiss Second Amended Complaint, filed February 14, 2012 ("Feb. 14 Order") at 3:18-19.)

In the instant motion, SSL argues Schneider again fails to plead sufficient facts to support his claims. The Court discusses each such claim in turn.

**1.   First Cause of Action**

Schneider's First Cause of Action, asserting a claim for uncompensated overtime, is, contrary to SSL's argument, now supported by sufficient factual allegations, specifically, "facts setting out the uncompensated hours Schneider worked, or . . . facts otherwise demonstrating he actually worked overtime." (See Feb. 14 Order at 4:2-3.) In the SAC, Schneider's overtime claim had been supported only by the conclusory allegation that he and other members of the putative class "worked significant overtime." (See SAC ¶¶ 23, 36.) By contrast, in the instant complaint, Schneider specifies that "Schneider often worked more than 8 hours in a day in order to complete his required assignments," (TAC ¶ 18), and that "there were times when, due to his workload, he had to work more than 12 hours in a day," (id.). Schneider further states, "[f]or example, there were periods when,

---

[2] Thereafter, on September 27, 2011, the above-titled action was reassigned to the undersigned.

due to issues he had to deal with on the manufacturing floor, he had to work in excess of 12-hour days," (id.) and that, "[s]ince [SSL] misclassified him as exempt, [it] did not pay [him] for this overtime worked" (id.).

Contrary to SSL's argument, the absence of allegations setting forth the specific dates on which Schneider worked does not render the First Cause of Action subject to dismissal. See Acho v. Cort, No. C 09-00157 MHP, 2009 WL 3562472 at *7-8 (N.D. Cal. Oct. 27, 2009) (holding plaintiff adequately stated overtime claim; noting "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records"); cf. Anderson v. Blockbuster, Inc., No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010) (finding complaint insufficient where plaintiff alleged "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week") (emphasis added); Deleon v. Time Warner Cable LLC, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist LEXIS 74345 (C.D. Cal. July 17, 2009) (same).[3]

Accordingly, SSL fails to show the First Cause of Action is subject to dismissal.

---

[3] The other authorities on which SSL relies likewise are distinguishable, for the reason that the plaintiffs therein pleaded no more than the conclusory allegation that they were required to work "overtime" without pay, see Weigele v. FedEx Ground Package System, Inc., No. 06-CV-1330 JLS, 2010 WL 4723673 at *4 (S.D. Cal. Nov. 15, 2010) (finding complaint insufficient where plaintiffs alleged defendant "required [them] to work overtime without lawful compensation"); Pruell v. Caritas Christi, No. 09-11466-GAO, 2010 WL 3789318 at *3 (D. Mass. Sept. 27, 2010) (finding complaint insufficient where plaintiffs alleged defendant "fail[ed] to pay overtime"); Jones v. Casey's General Stores, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (finding complaint insufficient where plaintiffs alleged they "regularly worked . . . overtime each week but were not paid . . . overtime wages"), or otherwise pleaded their claims in an ambiguous manner, see Desilva v. North Shore-Long Island Jewish Health System, Inc., et al., 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) (finding "boilerplate complaint" insufficient where multiple named plaintiffs relied on multiple policies, without differentiation, to support overtime claim); Gutierrez v. Aaron's Inc., No. 2:10-cv-02417-MCE-EFB, 2010 WL 4968142 at *3 (E.D. Cal. Dec. 1, 2010) (finding complaint insufficient where plaintiff, who worked at two different locations, alleged employer had policy of subtracting thirty minutes from paychecks where employees worked more than six hours and plaintiff did not "allege where and when [d]efendant implemented this policy"); Mell v. GNC Corp., No. 10-945, 2010 WL 4668966 at *7 (W.D. Pa. Nov. 9, 2010) (finding complaint insufficient where plaintiffs alleged defendants required them to work "off the clock").

### 2. Second Cause of Action

Schneider's Second Cause of Action, asserting a claim for waiting-time penalties under California Labor Code § 203, is, contrary to SSL's argument, now supported by sufficient factual allegations, specifically, facts sufficient to support an inference that SSL acted "willfully." See Cal. Lab. Code § 203 (providing recovery "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits"). Although Schneider again alleges SSL "knew that the work being performed by the Plaintiff Class members did not qualify for any of the overtime exemptions under California law . . . knew that these non-exempt employees, including Schneider, were actually working overtime hours . . . [and] [d]espite this knowledge . . . willfully refused to pay these employees this lawful overtime compensation," (see TAC ¶ 36), such allegations are to be interpreted in the context of Schneider's allegations as a whole, including his allegations describing the "incredibly detailed blueprint" under which class members worked (see TAC ¶ 15), as well as his new allegations demonstrating Schneider actually worked uncompensated overtime hours. See Iqbal, 129 S. Ct. at 1954 (noting allegations as to state of mind must be considered in "reference to [the allegation's] factual context"; also noting "a rigid rule requiring the detailed pleading of a condition of mind would be undesirable") (internal quotation and citation omitted). Taken in the context of the TAC as a whole, Schneider's allegations are sufficient to state a claim.

Accordingly, SSL fails to show the Second Cause of Action is subject to dismissal.

### 3. Third Cause of Action

Schneider's Third Cause of Action, asserting a claim for wage statement violations under California Labor Code § 226, is, contrary to SSL's argument, supported by sufficient factual allegations, specifically, facts sufficient to allege an injury cognizable under said statute. See Cal. Lab. Code § 226(a) (requiring employer to provide "accurate itemized statement in writing showing . . . (2) total hours worked by the employee . . . (5) net wages earned"); id. § 226(e) (providing Cause of Action for "[a]n employee suffering injury as a result of a . . . failure by an employer" to comply with wage statement requirements).

Schneider's claim is based on the allegation that his wage statements "failed to include all hours worked . . . and payment for the same." (See TAC ¶ 38.) As Schneider correctly points out, California courts have recognized a form of "mathematical injury," cognizable under § 226, which occurs where plaintiffs are obliged "to engage in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid." See Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1143 (2011); see also Elliot v. Spherion Pacific Work, LLC, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) (noting types of injuries cognizable under § 226 include "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked"). Here, Schneider alleges SSL "failed to keep accurate time records" (see TAC ¶ 39), and, as a result, he "do[es] not know how much [he is] actually owed in wages" (see TAC ¶ 41). Under such circumstances, a reasonable inference can be drawn that Schneider, in order to determine how much he should have been paid, will be required to "engage in discovery and mathematical computations" in an effort to reconstruct the missing information. See Price, 192 Cal. App. 4th at 1143; see also Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1306 (2010) (noting, under § 226, "[w]hile there must be some injury in order to recover damages, a very modest showing will suffice").[4]

Accordingly, SSL fails to show the Third Cause of Action is subject to dismissal.

---

[4] The authorities on which SSL relies are distinguishable on their facts, either because they were "based solely" on an inadequately pleaded underlying claim, see Lopez v. Wendy's Intern., Inc., No. CV 11-00275 MMM (JCx), 2011 WL 6967932 at *8-9 (C.D. Cal. Sept. 19, 2011), or because the only missing information at issue therein could be readily obtained by simple mathematical calculation, see Hill v. Sullivan Automotive Group, LLC, No. B225186, 2011 WL 1879420 at *4-5 (Cal. Ct. App. May 18, 2011) (finding no injury under § 226 where wage statement omitted "grand total of regular and overtime hours worked"; noting "determining the total hours worked from the other information that appeared on the wage statement was a matter of simple math"); see also Price, 192 Cal. App. 4th at 1143 (finding no injury under § 226 where claim based on need for "simple math" and "not based upon any allegation that the information [was] inaccurate").

**4.      Fourth and Fifth Causes of Action**

SSL's sole challenge to Schneider's Fourth Cause of Action, alleging unfair competition (see TAC ¶ 44-50), and Schneider's Fifth Cause of Action, brought under the Private Attorney Generals Act (see TAC ¶¶ 51-53), is that they are derivative of Schneider's First Cause of Action. As discussed above, Schneider's First Cause of Action is adequately alleged.

Accordingly, SSL fails to show the Fourth and Fifth Causes of Action are subject to dismissal.

**5.      Class Allegations**

SSL's arguments as to the sufficiency of Schneider's class allegations are, as the Court has previously observed, "a Rule 23 issue, which is distinct from a pleading issue . . . [and] not at issue at the present time." (See Sept. 15 Order at 6 n.6.)

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the TAC is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 1, 2012

MAXINE M. CHESNEY
United States District Judge