1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCHNEIDER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 11-02489 MMC<br><br>[Proposed] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Hearing:<br><br>Date: May 10, 2013<br>Time: 9:00 a.m.<br>Courtroom: 7 |

On March 29, 2013, Plaintiff Jeremy Schneider ("Plaintiff") filed his Motion for Preliminary Approval of Class Action Settlement. The Court has considered Plaintiff's Motion and supporting evidence as well as the Stipulation of Settlement and Release ("Settlement Agreement"),[1] [Proposed] Notice of Class Action Settlement, and [Proposed] Claim Form. The Court also balanced a number of factors relevant to the claims asserted in the Third Amendment Complaint, including the strength of allegations set forth in Plaintiff's Third Amended Complaint; the strength of the defenses raised by defendant Space Systems Loral LLC (successor in interest to Space Systems/Loral, Inc.) ("SS/L" or "Defendant"); the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of counsel.

Having considered the Settlement Agreement, and all the supporting legal authorities and documents,

**IT IS HEREBY ORDERED THAT:**

1. The action is preliminarily certified as a class action, for purposes of Settlement only, on behalf of all "Associate" level "Engineers" (except "Program Management Engineers") employed by Defendant within the State of California at any time during the period of January 14, 2007 through preliminary approval or May 17, 2013, whichever is earlier (the "Settlement Class").

2. With respect to the Settlement Class, the Court finds, solely for purposes of the Settlement, and with no other effect on this litigation or any other proceeding, including if the Settlement Agreement ultimately is not approved or final judgment is not entered, that the proposed class meets the requirements of

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

1  certification under Rule 23 of the Federal Rules of Civil Procedure in that: (a) the
2  Settlement Class is ascertainable; (b) the Settlement Class is so numerous that
3  joinder of all Class Members in the Action is impracticable; (c) there are questions
4  of law and fact common to the Settlement Class that predominate over any
5  individual questions; (d) the representative Plaintiff's claims are typical of those of
6  the Settlement Class; (e) Plaintiff and Class Counsel have competently represented
7  and protected the interests of the Settlement Class throughout the litigation; and (f)
8  a class action is superior to other methods for the fair and efficient adjudication of
9  this action.

10  3.  The class action settlement set forth in the Settlement Agreement is
11  preliminarily approved as it appears to be fundamentally fair, adequate and within
12  the range of reasonableness.  *See* Fed. R. Civ. P. 23(e); *Armstrong v. Bd. Of School
13  Directors of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980); *see also*
14  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964-64 (9th Cir. 2009).

15  4.  For purposes of the proposed settlement only, the Court hereby
16  preliminarily approves The Cooper Law Firm, P.C., The Carter Law Firm, and the
17  Phelps Law Group as Class Counsel for the Settlement Class.

18  5.  For purposes of the proposed settlement only, Plaintiff Jeremy
19  Schneider is hereby preliminarily approved as Class Representative for the
20  Settlement Class.

21  6.  For purposes of the proposed settlement only, the Court hereby
22  preliminarily approves Rust Consulting, Inc. as Settlement Administrator.

23  7.  The Court approves, as to form and content, the proposed Notice of
24  Class Action Settlement ("Notice") and Claim Form, which are attached hereto as
25  Exhibits "A" and "B."

26  8.  The Court directs the mailing, by first class mail, of the Notice and the
27  Claim Form to the Class Members in accordance with the schedule set forth in this
28  order and the dates identified in the Notice, attached hereto as Exhibit "A."

1  Defendant shall provide the list of Class Members to the Settlement Administrator
2  no later than May 31, 2013.  The Settlement Administrator shall mail the Notice
3  and Claim Form to Class Members on June 14, 2013, and the reminder postcard on
4  July 15, 2013.  Class Members shall have until July 29, 2013 to submit a Claim
5  Form or Exclusion Letter.  If, however, the Notice and Claim Form are re-mailed
6  to a Class Member by the Settlement Administrator in accordance with the
7  Settlement, the Class Member shall have until July 29, 2013 or 15 days after the re-
8  mailing, whichever is later, to submit a Claim Form or Exclusion Letter.  The
9  Court finds that the method and dates selected for the mailing of these documents
10 meet the requirements of due process, provide the best notice practicable under the
11 circumstances and constitute due and sufficient notice to all persons entitled to
12 notice.
13     9.     Pending the Court's final approval of the Settlement Agreement, all
14 proceedings in this action, except those related to approval of the Settlement
15 Agreement, are stayed.
16     10.    The Court finds that Class Members can object to the terms of the
17 Settlement before Final Approval in accordance with the procedure set forth in the
18 Notice, attached hereto as Exhibit "A."  However, if the Court rejects Class
19 Members' objection, they will still be bound by the terms of the Settlement.  To
20 object, a Class Member must file a written objection.  If they wish to object in
21 person as well as in writing, they must also state in the objection that they intend to
22 appear at the final approval hearing.  If a Class Member intends to object and
23 desires to present evidence at the final approval hearing, they must include in their
24 written objection the identity of any person from whom they obtain a declaration
25 and exhibits they intend to introduce into evidence at the hearing.  The Class
26 Member must file their written objection with the Clerk of the Court, 450 Golden
27 Gate Avenue, San Francisco, CA 94102, and send copies to Class Counsel and
28 Counsel for the Defendant.

11. The Court finds that any written objections shall state each specific reason in support of the objection and any legal support for each objection. The objection also must state the case name and number, and the objecting Class Member's full name and address. Whether or not the objecting Class Member intends to appear at the final approval hearing, to be valid and effective, any objections to final approval of the Settlement must be filed with the Clerk of the Court and served upon each of the attorneys referenced in the Notice no later than July 29, 2013. If, however, the Notice and Claim Form are re-mailed to a Class Member by the Settlement Administrator in accordance with the Settlement, the Class Member shall have until July 29, 2013 or 15 days after the re-mailing, whichever is later, to submit an objection.

12. Plaintiff shall file his Motion for Attorney's Fees and Litigation Expenses no later than June 14, 2013, and post the motion on the website the same day.

13. Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability in this action or in any other proceeding. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Class Representative or members of the Settlement Class that their claims lack merit or that the relief requested in the instant action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this action or in any other proceeding.

14. Neither Defendant nor its counsel shall have any responsibility whatsoever for any application for the Attorneys' Fee and Expense Award or Representative Plaintiff Award submitted by Class Counsel.

15. No discovery by any person with regard to the settlement or Settlement Agreement shall be permitted as to any party to the Settlement Agreement other than as may be directed by the Court upon a proper showing by

the person seeking such discovery pursuant to a motion properly noticed and served.

16. Should the Settlement Agreement not be finally approved, or should the Effective Date, as that term is defined in the Settlement Agreement, not occur, this Order shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.

17. Plaintiff shall file the motion for final approval on August 30, 2013, and the parties shall file any supplemental briefs regarding proof of mailing, objections, and any related or outstanding issues by that same date. The final fairness and approval hearing will be held on September 13, 2013, at 9:00 a.m.

**IT IS SO ORDERED.**

DATED: May 17, 2013

Honorable Maxine M. Chesney
United States District Judge